Garry, J.
(dissenting). I respectfully dissent, based upon our most well-established procedural rules. “It is well settled that the drastic remedy of summary judgment should not be granted where there is any doubt as to the existence of triable issues [,] and issue-finding, rather than issue-determination, is the key” (Benizzi v Bank of the Hudson, 50 AD3d 1372, 1373 [2008] [internal quotation marks, brackets and citations omitted]). Moreover, upon review, we are required to “view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact” (Boston v Dunham, 274 AD2d 708, 709 [2000]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Sutin v Pawlus, 105 AD3d 1293, 1295 [2013]). The majority errs here by doing the opposite, accepting and adopting the facts in the light most negative to plaintiff.
Here, a passerby found plaintiff at the roadside after he had been ejected from defendant Brian Eastman’s pickup truck and left there by Eastman; plaintiff has been rendered a quadriplegic as a result of the injuries he sustained. Eastman, both in his statement to police in the immediate aftermath of this occurrence and in his subsequent sworn deposition testimony, has steadfastly denied that there had been any racing occurring prior to his truck leaving the roadway. Defendant Tyler Eaton denied that the parties had even discussed the topic of any possible race, let alone engaged in any racing activity on the evening of plaintiff’s injury; defendant Frank Eastman II, a passenger in one of the other vehicles, testified that there was some conversation about what type of engine was faster, but he did not recall any conversation about racing that evening. The factual issues posed by the parties’ sharply conflicting testimony are not remotely susceptible to legal determination. Contrary to *968 the majority’s view, plaintiff is not bound by his own view of the facts, as his account of the events may or may not, in fact, be accurate. Put another way, the sworn testimony of defendants cannot be simply overlooked or disregarded upon this application. This case requires an assessment of credibility and, thus, cannot be resolved at this juncture by summary judgment (see Escobar v Velez, 116 AD3d 735, 735 [2014]; Lopez-Viola v Duell, 100 AD3d 1239, 1242 [2012]; Greco v Boyce, 262 AD2d 734, 735 [1999]). For these reasons, application of the Barker-Manning rule (see Manning v Brown, 91 NY2d 116 [1997]; Barker v Kallash, 63 NY2d 19 [1984]) was premature and procedurally improper. We should therefore reverse so much of the order as granted defendants’ motion and dismissed the complaint, and allow the matter to proceed for factual determination.
However, assuming without agreeing that it would be possible to reach this issue at this juncture — that is, assuming that the underlying factual dispute might be somehow addressed and resolved — and further, deeming all issues to be resolved most unfavorably to plaintiff, as the majority proposes, I would nonetheless reject the majority’s position. Although in Manning v Brown (91 NY2d at 121-122), a passenger in an automobile was precluded from recovering damages for injuries sustained in an accident that resulted from “joyriding,” the underlying facts here may be distinguished. In Manning, the plaintiff had set the causal chain in motion by stealing the car prior to the accident and, immediately prior to the accident, was distracting the driver by engaging in conduct designed to avoid detection of the theft (id. at 119). Here, we would be extending the rule to prohibit recovery to plaintiff as a matter of law for the transgression, essentially, of riding with a drunk driver and urging that driver to go faster. I share the grave concern of Supreme Court and the majority when considering the danger posed when a quiet country road is used for racing or speeding. This danger is not alleviated in any manner, however, by imposing a drastic penalty upon the one party least responsible for the danger created on that roadway that evening, while allowing each of the drivers who were actually operating vehicles to avoid potential liability. The rule “is grounded in public policy” (Barker v Kallash, 63 NY2d at 26), and I do not find that its application here furthers sound policy goals. There is but one driver in any vehicle. That individual bears a special host of legal responsibilities that is not shared with passengers, and these should not be lightly abrogated, even where the passengers may be found to have urged their drivers on to acts of terrible recklessness. This record is replete with factual issues, including issues of comparative negligence, that should be weighed and determined by the finder of fact following trial.
*969 Ordered that the order is affirmed, with one bill of costs. [Prior Case History: 40 Misc. 3d 707.]